<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| STATE OF NEW JERSEY, *et al.*, :<br>: <br>Plaintiff(s), :<br>:<br>v. :<br>:<br>SHAKHZOD SHOKIRJONIY, :<br>:<br>Defendant. : | Case No. 3:18-cv-8619 BRM-LHG<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* Defendant Shakhzod Shokirjoniy's ("Shokirjoniy") Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 1-2), and his Notice of Removal (ECF No. 1), seeking to remove his New Jersey state criminal prosecution to this Court. (ECF No. 1-1). Having reviewed Plaintiff's IFP application,[1] the Court finds leave to proceed IFP is warranted and the application is **GRANTED**. Accordingly, the Clerk of the Court will be directed to file the Removal petition.

Because Shokirjoniy's application to proceed IFP has been granted, this Court is required to screen the matter pursuant to 28 U.S.C. § 1915 and to dismiss the case upon a determination

---

[1] When a nonprisoner seeks to proceed IFP under 28 U.S.C. § 1915, the applicant is required to submit an affidavit that sets forth his assets and attests to the applicant's inability to pay the requisite fees. *See* 28 U.S.C. § 1915(a); *Stamos v. New Jersey*, No. 09-5828, 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) ("While much of the language in Section 1915 addresses 'prisoners,' section 1915(e)(2) applies with equal force to prisoner as well as nonprisoner *in forma pauperis* cases."); *Roy v. Penn. Nat'l Ins. Co.*, No. 14-4277, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (citations omitted). The decision whether to grant or to deny the application should be based upon the economic eligibility of the applicant, as demonstrated by the affidavit. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

that the action is frivolous, malicious or fails to state a claim on which relief could be granted. The Court, having reviewed Defendant's papers submitted in connection with his Notice of Removal, for the reasons set forth below and good cause appearing, **REMANDS** the matter to the Clinton Township Municipal Court.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Shokirjoniy, a Ohio resident, was charged with several misdemeanor violations related to a July 21, 2017, incident in Clinton, New Jersey, and was issued further violations related to a January 19, 2018, incident, also in Clinton, where he was to appear that day for a proceeding related to these violations. (Notice of removal (ECF No. 1) at 2.) Shokirjoniy was charged with violations of N.J. Stat. Ann §§ 2C:35-10A(4) (possession of less than 50 grams of marijuana); 2C:36-2 (possession of drug paraphernalia; 39:4-88 (traffic on marked lanes); and 39:3-66 (possession of a controlled substance in a moving vehicle).

At an April 25, 2018 hearing for his motion to suppress certain evidence, Shokirjoniy alleges the municipal judge told him the local prosecutor had a conflict of interest and that the judge wanted to transfer the matter to New Jersey Superior Court.

Shokirjoniy filed his Notice of Removal with this Court the next day, on April 26, 2018. He argues he is entitled to remove this prosecution to federal court pursuant to 28 U.S.C. §§ 1443 and 1446. Section 1443 is the removal provision of the Civil Rights Act of 1866. *See* An Act to Protect All Persons in the United States in Their Civil Rights, and Furnish the Means of Their Vindication, ch. 31, § 3, 14 Stat. 27, 27 (1866) (codified as amended at 28 U.S.C. § 1443); *see also Wilmington Sav. Fund Soc'y FSB v. Velardi*, No. 3:18-CV-02209, 2019 WL 3713876, at *2 (M.D. Pa. Feb. 19, 2019) ("Public Law 39-26 refers to the Civil Rights Act of 1866."), *report and recommendation adopted*, 2019 WL 3676480 (M.D. Pa. Aug. 6, 2019), *appeal docketed*, No. 19-

2841 (3d Cir. filed Aug. 12, 2019). Section 1446 provides the procedure for the removal of civil actions.

## II.     LEGAL STANDARD

When a Defendant removes a case to federal court, the Court must remand the case back to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "[R]emoval statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.' " *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (quoting *Batoff v. State Farm Ins. Co.*, 977 F. 2d 848, 851 (3d Cir. 1992)).

In ruling on subject matter jurisdiction, "a court may consider evidence beyond the pleadings such as testimony and depositions when considering a jurisdictional challenge" and is "entitled to independently evaluate the evidence to resolve disputes over jurisdictional facts." *Grp. Against Smog & Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016); *S.R.P. ex rel. Abunabba v. United States*, 676 F.3d 329, 332 (3d Cir. 2012).

Criminal prosecutions may be removed from the state courts to federal court only under limited circumstances, such as where the criminal defendant was acting as an officer of the United States or is being denied equal protection by the state courts. *See*, *e.g.*, 28 U.S.C. §§ 1443, 1455; *In re Piskanin*, 408 F. App'x 563, 564-65 (3d Cir. 2010); *see also Pennsylvania v. Brown-Bey*, 637 F. App'x 686, 688-89 (3d Cir. 2016). Even where those limited circumstances exist, the notice of removal or request to remove must be filed "not later than 30 days after the arraignment in the State Court, or at any time before trial, whichever is earlier" unless Plaintiff can show good cause for his failure to file within time. 28 U.S.C. § 1455(b)(1).

An individual seeking removal of a state criminal case to federal court under § 1443(1)

3

must satisfy a two-part test: he must allege a denial of his rights on account of race, and he must allege that he cannot enforce his federal rights in state court. *Delaware v. Hefley*, 403 F. App'x 677, 678 (3d Cir. 2010) (citing *Johnson v. Miss.*, 421 U.S. 213, 219–20 (1975)). "[R]emoval is not warranted when it is based solely on petitioners' allegations that the statutes underlying the charges against them were unconstitutional, that there was no basis in fact for those charges, or that their arrest and prosecution otherwise denied them their constitutional rights." *In re Oke*, 436 F. App'x 138, 139 (3d Cir. 2011) (internal citations and quotations omitted). Furthermore, "[t]he allegation of illegal or corrupt acts of individual state officials that might be corrected by the state judiciary, or the mere possibility of an unfair trial in state court, will not justify removal to the federal court under § 1443(1)." *Brown-Bey*, 637 F. App'x at 688.

    As stated by the Supreme Court:

> It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be 'denied or cannot enforce in the courts' of the State any right under a federal law providing for equal civil rights. The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827–28, 86 S. Ct. 1800, 1812, 16 L. Ed. 2d 944 (1966).

### III. DECISION

Though updated many times by Congress since 1866, as currently constituted, § 1443 provides that a defendant in a state court action may remove to federal court any "civil action[] . . . [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1).

"Removal under § 1443 'requires satisfaction of a two-pronged test: a state court defendant must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law providing for . . . equal civil rights; and (2) that he is denied or cannot enforce that right in the courts of the state.'" *Bayview Loan Serv'g LLC v. Farzan*, 720 F. App'x 678, 679 (3d Cir. 2018) (quoting *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997)).

Defendant, as the party seeking removal, bears the burden of demonstrating that this Court has subject-matter jurisdiction. *Frederico v. Home Depot,* 507 F.3d 188, 193 (3d Cir. 2007). Lacking subject-matter jurisdiction, this Court must remand the matter *sua sponte*. *Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir. 2002).

#### A. Civil Rights Involving Matters of Racial Equality

"Under the first prong of the test, the civil rights at issue must involve matters of racial equality." *New Jersey v. Aristeo*, 610 F. App'x 95, 96 (3d Cir. 2015). In other words, "a state court defendant must allege a deprivation of rights guaranteed by a federal law providing for specific civil rights stated in terms of racial equality." *Delaware v. Burr*, 523 F. App'x 895, 897 (3d Cir. 2013).

Here, Shokirjoniy cannot show that the state prosecution concerns a federally protected right concerning racial equality. Instead, Shokirjoniy argues the state's prosecution is depriving

5

him of his right to a speedy trial. (ECF No. 1 at 2 (citing *Barker v. Wingo*, 407 U.S. 514 (1972) (establishing the right of defendants in criminal cases to a speedy trial)).)

Shokirjoniy does not allege that the criminal prosecution treats him differently on account of his race, or has any other connection to their federally protected right to equal treatment on account of race. Accordingly, Shokirjoniy fails to meet the first prong, and therefore cannot remove this case under 28 U.S.C. § 1443.

### B. Denial or Bar to Enforcement of a Federal Civil Right

Shokirjoniy also is unable to meet the second prong of the test, providing an independent reason for the Court to remand this case. "For the second prong, it is 'expected that the protection of federal constitutional or statutory rights c[an] be effected in . . . state proceedings.'" *Bayview*, 720 F. App'x at 679 (quoting *Johnson v. Mississippi*, 421 U.S. 213, 219-20 (1975)). Therefore, the denial, or bar to judicial enforcement, of a federally protected right "must usually be 'manifest in a formal expression of state law . . . such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case.'" *Id.* (quoting *Johnson*, 421 U.S. at 219).

"However, in narrow circumstances, a firm prediction that a defendant would be denied his federal right in state court might be made even absent a discriminatory state law." *Pennsylvania v. Carroll*, 764 F. App'x 134, 135 (3d Cir. 2019). These narrow circumstances exist only "where the state court defendant's federal civil rights would 'inevitably be denied by the very act' of being brought to trial in state court." *Davis*, 107 F.3d at 1050.

Shokirjoniy fails to meet either element of this second prong. First, he does not allege any provision of state statutory or constitutional law expressly prohibits him from enforcing any of his federally protected rights in state court. Second, he has not demonstrated a state court will inevitably deny him his federal civil rights by the mere act of the criminal prosecution against him.

Even if he were to demonstrate his "federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the [him] are false, or that [he is] unable to obtain a fair trial in [the New Jersey Superior Court]," without more, this "is not enough to support removal under § 1443(1)." *Peacock*, 384 U.S. at 827-28. Here, Shokirjoniy has alleged judicial misconduct, but he has not provided any factual basis for this conclusion beyond his belief that he established same. In short, he has not demonstrated a basis for concluding this is one of *Peacock*'s "rare situations."

Because Shokirjoniy fails to meet the second prong, removal under § 1443 is inappropriate irrespective of whether he were to meet the first prong. The Court therefore must remand this case.

### IV. CONCLUSION

For the reasons set forth above, Shokirjoniy's Notice of Removal is improper and this matter is **REMANDED** to Clinton Township Municipal Court for lack of subject-matter jurisdiction.

Date: May 29, 2020                                  */s/Brian R. Martinotti*
                                                                 **BRIAN R. MARTINOTTI**
                                                                 **UNITED STATES DISTRICT JUDGE**